**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RUTH MILANO,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>ASHTON CARTER[*], in his official capacity as Secretary, United States Department of Defense, Agency<br><br>　　　　Defendant - Appellee. | No. 13-56082<br><br>D.C. No. 09-cv-2469-L(BLM)<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Southern District of California,
M. James Lorenz, District Judge, Presiding

Submitted April 9, 2015[***]
San Francisco, California

Before:　　SILVERMAN and BEA, Circuit Judges, and QUIST, Senior District Judge.[****]

---

[*]　Ashton Carter is substituted for his predecessor, Chuck Hagel, as Secretary of the Department of Defense, pursuant to Fed. R. App. P. 43(c).

[**]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

[****]　The Honorable Gordon J. Quist, Senior District Judge for the United States Court for the Western District of Michigan, sitting by designation.

Plaintiff, Ruth Milano, appeals the district court's order granting summary judgment for the defendant on claims of hostile environment sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Milano also appeals the district court's order denying her motion for reconsideration under Federal Rule of Civil Procedure 59(e). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     We review de novo a grant of summary judgment. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001). The district court properly granted summary judgment on Milano's hostile work environment claim. To establish her claim, Milano was required to show that "the harassment was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Dawson v. Entek Int'l*, 630 F.3d 928, 938 (9th Cir. 2011). The single incident of sexual harassment on which Milano bases her claim was offensive, but was not sufficiently severe to alter the terms and conditions of her employment. *See Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000) (noting that a single incident of sexual harassment must be "extremely severe" to support a hostile work environment claim). In addition, because the harasser was not a supervisor who had authority to take tangible employment actions against Milano, his single act could not have altered Milano's working conditions. *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439

2

(2013). Finally, the defendant took prompt and effective remedial action that eliminated any possibility of future harassment by separating the harasser from Milano's work environment and issuing him a letter of concern. *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir. 1991). The defendant's Westfall Act certification, 28 U.S.C. § 2679(d), was not relevant to the foregoing issues.

2.     The district court also properly granted summary judgment on Milano's retaliation claim. Milano's supervisor's response to Milano's request for a footstool was not an adverse employment action because the supervisor granted Milano's request and the situation was resolved when Milano found a suitable chair. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (defining adverse employment action). In addition, Milano failed to present any evidence showing that the defendant's legitimate non-retaliatory reasons for transferring Milano to the cashier position and issuing her a write-up for talking to a bagger in violation of policy were mere pretexts for retaliation. *Dawson*, 630 F.3d at 936.

3.     We review the denial of a motion for reconsideration for abuse of discretion. *Int'l Rehabilitative Scis. Inc. v. Sebelius*, 688 F.3d 994, 1000 (9th Cir. 2012). The district court did not abuse its discretion in denying Milano's motion for reconsideration because Milano did not present newly discovered evidence, show that the district court committed clear error, or identify an intervening change

3

in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Instead, Milano simply rehashed her previously-rejected arguments. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("[A Rule 59(e) motion] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 C. Wright & A Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995)).

**AFFIRMED**.